IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RODNEY ALVAREZ on behalf of himself and all others similarly situated**, §§§§<br><br>Plaintiff, §<br>v. §<br>§<br>**OSBORN FOREIGN AND AMERICAN AUTO PARTS, INC.**, §§§§<br><br>Defendant. § | Civil Action No. **3:08-CV-1822-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Osborn Foreign and American Auto Parts, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), filed December 8, 2008. After careful consideration of the motion, brief, response, record and applicable law, the court **denies** Defendant Osborn Foreign and American Auto Parts, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).[*]

### I.   Background

Rodney Alvarez ("Plaintiff" or "Alvarez") filed this action against Osborn Foreign and American Auto Parts, Inc. ("Osborn") on October 14, 2008. He contends that Osborn violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), because he was not paid time and one-half above his regular pay for each hour he worked in excess of a forty-hour work week. Osborn denies liability and has filed a motion to dismiss for failure to state a claim upon which relief can be granted. Osborn contends that it is entitled to dismissal because Plaintiff stated in paragraph eleven of his Original Complaint ("Complaint") that he had no evidence to support his claims and that the statute of limitations has run on Plaintiff's claims.

---

[*]No reply to the response was filed.

**Memorandum Opinion and Order - Page 1**

## II.     Dismissal Pursuant to Rule 12(b)(6)

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan*

**Memorandum Opinion and Order - Page 2**

*Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III.   Discussion

#### A.   Sufficiency of Pleadings

Contrary to Osborn's assertion, the Complaint does not state that Plaintiff has no evidence to support his claims. He states, "Upon information and belief, the records, to the extent any exist[s], concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant." Compl. ¶ 11. Osborn's assertion is a clear misrepresentation of what Alvarez asserted. Moreover, at the pleading stage, a court only tests the sufficiency of the allegations in a complaint; it does not determine whether the evidence is sufficient to support a pleader's claim or whether a plaintiff will be successful. *St. Luke's Episcopal Hosp.*, 355 F.3d at 376. The sufficiency of evidence is a determination to be made in conjunction with a summary judgment motion filed pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Plaintiff's Complaint satisfies Rule 8(a) of the Federal Rules of Civil Procedure in that it states the basis for the court's jurisdiction, contains a short and plain statement that Alvarez is entitled to relief, and includes a demand for the relief sought. Alvarez's Complaint adequately puts Osborn on notice of the nature of his claim and the grounds upon which it rests. *Leatherman v. Tarrant County Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993). Accordingly, he has stated a claim to relief that is plausible on its face.

**Memorandum Opinion and Order - Page 3**

      **B.**     **Statute of Limitations**

With respect to Osborn's contention that the statute of limitations has run, the court finds this argument to be without merit. Plaintiff contends that the alleged violations of the FLSA by Osborn were willful. Compl. ¶¶ 14, 15. The statute of limitations for a willful violation is three years after the cause of action accrues. 29 U.S.C. § 255(a). Therefore, the statute of limitations has not run on any of Plaintiff's claims, since he did not begin his employment with Osborn until July 2006, and he filed his lawsuit within three years of this date.

      **IV.**     **Conclusion**

For the reasons herein set forth, Alvarez has stated a claim for relief that is plausible on its face, and his alleged claims fall within the applicable statute of limitations. Accordingly, the court **denies** Defendant Osborn Foreign and American Auto Parts, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

**It is so ordered** this 18th day of June, 2009.

                                                  Sam A. Lindsay
                                                  United States District Judge